UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18CR00190 CDP |
| JASON ARNOLD, | ) ) ) |
| Defendant. | ) |

**MOTION OF THE UNITED STATES
FOR PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District, and moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

1. On March 8, 2018, Defendant Jason Arnold pled guilty to a violation of Title 18, United States Code, Sections 1344, and also agreed, in writing in the Guilty Plea Agreement, to the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2). Defendant also pled guilty to violations of Title 18, United States Code, Section 1957, and agreed to the forfeiture of any property, real or personal, involved such violations, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a).

2. Defendant further agreed to the forfeiture of the following specific property (the "Subject Property"):

      a.      All funds, credits and monetary instruments in or associated with UMB Account ending in 4241;

      b.      All funds, credits and monetary instruments in or associated with Vanguard Brokerage Account ending in 0085;

      c.      All funds, credits and monetary instruments in or associated with Vanguard Brokerage Account ending in 5497; and

      d.      Approximately $16,500.00 in U.S. currency seized from Vanguard Roth IRA Account ending in 5889.

3. Defendant agreed that the proffer of evidence supporting the guilty plea is sufficient evidence to support forfeiture of the Subject Property.

4. Defendant also agreed to the entry of a forfeiture money judgment against Defendant and in favor of the United States in the amount of $4,512,581.06, which represents the value of the any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of Defendant's offenses, minus the value of the Subject Property as at the time of seizure.

5. Based upon the evidence set forth in the Guilty Plea Agreement and that was presented at the Defendant's plea hearing, the United States has established the required nexus between the Subject Property and the offenses to which Defendant has pled guilty. Accordingly, the Subject Property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a).

6. Pursuant to Rule 32.2(b)(6) and Title 21, United States Code, Section 853(n), upon the issuance of a Preliminary Order of Forfeiture, the United States shall publish notice of the Order and send direct notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court shall enter a Final Order of Forfeiture pursuant to Rule 32.2(c) and Title 21, United States Code, Section 853(n), in which the Subject Property will be ordered forfeited to the United States to be disposed of according to law.

8. Pursuant to Rule 32.2(b)(4)(A) and Defendant's Guilty Plea Agreement, the Preliminary Order of Forfeiture becomes final as to Defendant upon entry. The Order remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

9. Pursuant to Rule 32.2(b)(4)(B), the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment, but the Court's failure to do so may be corrected at any time under Rule 36.

WHEREFORE, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests that this Court determine that the Subject Property is subject to forfeiture, and moves the Court to enter a Preliminary Order of Forfeiture forfeiting the above described property, including the Subject Property and a forfeiture money judgment. Pursuant to Rule 32.2(b)(3), the United States also requests authority to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production. The United States submits herewith its proposed Preliminary Order of Forfeiture.

Dated: June 20, 2018						Respectfully submitted,

								JEFFREY B. JENSEN
								United States Attorney

								 */s/ Kyle T. Bateman*
								KYLE T. BATEMAN, #996646DC
								Assistant United States Attorney
								111 South 10th Street, Suite 20.333
								Saint Louis, Missouri 63102
								Telephone:	(314) 539-2200
								Facsimile:	(314) 539-2312

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 20, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

  */s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney

4